CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 20 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTHONY HALL, <br> Plaintiff, | Civil Action No. 7:10-cv-00393 |
| v. | MEMORANDUM OPINION |
| KEEN MOUNTAIN CORR. CTR., et al., <br> Defendants. | By: Hon. James C. Turk <br> Senior United States District Judge |

This matter is before the court upon plaintiff's motion for a temporary restraining order. Plaintiff filed a complaint against Keen Mountain Correctional Center ("KMCC"), its administrators, and its medical personnel, alleging that they provide inadequate medical treatment in violation of the Eighth Amendment. Specifically, plaintiff alleges that he has a chronic foot deformity that causes significant pain, he is in constant contact with medical personnel, and they are treating it too slowly.[1]

In his motion for a Temporary Restraining Order, plaintiff alleges that he is suffering irreparable harm and pain from the defendants' refusal to refer him to an orthopaedic specialist. Plaintiff requests as relief in his complaint that, inter alia, the court compel the defendants to refer plaintiff to an orthopaedic specialist.

The purpose of a Temporary Restraining Order is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to

---

[1] Plaintiff alleges that the facility doctor is present only once every four weeks and the doctor did not treat plaintiff for the first thirteen months of his incarceration at KMCC.

Federal Rule of Civil Procedure 65(b), the court may issue a Temporary Restraining Order without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. (Id.) Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public interest. Winter v. Nat'l Res. Def. Council, Inc., 129 S. Ct. 365, 374-76 (2008).

Plaintiff failed to comply with Rule 65 because he did certify his attempts to give notice to the defendants of his request or why that notice should not be required. Furthermore, the status quo is preserved by not granting plaintiff's request to immediately receive orthopaedic services. Plaintiff fails to show he is likely to succeed on the merits because he acknowledges that he recently saw the facility's doctor, the doctor referred plaintiff for X-rays of his foot, he received approval for Motrin pain relievers, and he received authorization for a bottom bunk assignment on the first floor. The public interest is not served by having it pay for a possibly premature referral to a medical specialist before the facility doctor can determine the course of treatment. Moreover, the defendants would be prejudiced by paying for possibly unnecessary services and by a Temporary Restraining Order possibly interrupting or complicating proper medical treatment. Accordingly, the court denies plaintiff a Temporary Restraining Order.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 20th day of October, 2010.

*[signature]*
Senior United States District Judge

2