CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY HALL, | ) | Civil Action No. 7:10-cv-00393 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MR. HOPKINS, et al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

This matter is before the court upon plaintiff's third and fourth motions for a temporary restraining order ("TRO"). Plaintiff filed a complaint against Keen Mountain Correctional Center ("KMCC"), its administrators, its medical personnel, and a correctional officer, alleging that they provide inadequate medical treatment in violation of the Eighth Amendment. Specifically, plaintiff alleges that he has a chronic foot deformity that causes significant pain, he is in constant contact with medical personnel, and they are treating it too slowly and not in the manner he wants. Plaintiff requests as relief in his amended complaint that, inter alia, the court compel the defendants to refer plaintiff to an orthopedic specialist.

In his third motion for a TRO, plaintiff alleges that he is suffering irreparable harm and pain from the defendants' refusal to refer him to an orthopedic specialist, order him special orthopedic shoes, or order surgery to correct his foot deformity. Plaintiff also requests prospective relief against any future retaliation that the defendants may impose on plaintiff for filing this action or requesting more medical care from them. In his fourth motion, plaintiff reiterates that his feet hurt because of his foot deformity and that he believes he needs a specialist's examination, orthopedic shoes, and foot surgery.

The purpose of a TRO is to preserve the status quo and avoid possible irreparable injury to a party pending litigation until a hearing may be conducted. See Steakhouse, Inc. v. City of

Raleigh, 166 F.3d 634, 637 (4th Cir. 1999) ("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). Pursuant to Federal Rule of Civil Procedure 65(b), the court may issue a TRO without providing notice where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" In addition, the moving party must certify in writing any efforts made to give notice and the reasons why it should not be required. Moreover, the movant must establish (1) that he is likely to succeed on the merits, (2) that the balance of equities tips in his favor, and (3) that an injunction is in the public's interest. Winter v. Nat'l Res. Def. Council, Inc., 129 S. Ct. 365, 374-76 (2008).

The status quo is preserved by not granting plaintiff's request to immediately receive an orthopedic consultation, equipment or surgery. Plaintiff fails to show he is likely to succeed on the merits because he acknowledges that he recently saw the facility's doctor, the doctor referred plaintiff for X-rays of his foot, he received approval for Motrin pain relievers, and he received authorization for a bottom bunk assignment on the first floor. See Farmer v. Brennan, 511 U.S. 825, 838 (1994) (discussing the requirements of deliberate indifference); Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986) (stating claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding). Plaintiff also fails to allege he received expert certification to proceed with a medical malpractice claim under state law. See Va. Code § 8.01-20.1. The balance of equities tips in the defendants' favor as they would be prejudiced by a Temporary Restraining Order possibly interrupting or complicating proper medical treatment and by forcing unanticipated costs for possibly unnecessary medical services. Moreover, the public's interest is not served by having it pay for possibly premature or unnecessary medical

referrals or treatments. Accordingly, the court denies plaintiff a Temporary Restraining Order.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 14th day of April, 2011.

/s/ James C. Turk
Senior United States District Judge