Case 7:10-cv-00393-JCT -RSB Document 61 Filed 12/05/11 Page 1 of 9 Pageid#: 445

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 05 2011

JULIA C. DUDLEY, CLERK
BY: /s/ S. Platt
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANTHONY HALL, | ) | Case No.: 7:10-cv-00393 |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OPINION** |
| | ) | |
| v. | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| MR. HOPKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Anthony Hall, a Virginia inmate proceeding *pro se*, brought this civil rights complaint against Keen Mountain Correctional Center ("KMCC"), its administrators, and its medical personnel, alleging, *inter alia*, they failed to adequately provide for his medical needs. Before the Court is Defendant Lt. Cox's Motion for Summary Judgment (ECF No. 42). The Clerk then served Plaintiff with a *Roseboro* notice (ECF No. 44). Plaintiff subsequently filed a Response (ECF No. 46) and the matter is now ripe for decision. For the reasons discussed below, Lt. Cox's motion is **GRANTED**.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The complaint in this case is lengthy and names several defendants, but the Court is concerned here only with the allegations against Lt. Cox. A liberal reading of the Plaintiff's complaint and verified statement gleans the following facts, presented here in the light most favorable to him. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Plaintiff Hall is an inmate at KMCC. He was previously an inmate at Sussex II State Prison ("Sussex II"). While at Sussex II, medical staff found he had significant podiatric problems, including

1

chronic pain. *See* Pl.'s V.S. at 22–23. On December 7, 2005, Sussex II medical staff also requested correctional officers grant Plaintiff Hall a ground-level, bottom tier cell assignment and a bottom bunk bed accommodation due to his medical problems. *See id.* at 21. At some point thereafter, Plaintiff was relocated to KMCC. On August 4, 2010, despite Plaintiff's protests that his medical needs required that he be assigned to a bottom bunk on the ground floor, Defendant Cox required the Plaintiff to walk up three flights of stairs and reassigned him to a top bunk in a cell on the "B-4 pod," which appears to be a level of cells on the fourth floor of the KMCC facility. *Id.* at 24. On August 5, 2010, Plaintiff Hall submitted both an "Informal Request Form" and an informal complaint to prison authorities. *See* Pl.'s V.S. at 24; Encl. B to Def.'s Mem. in Supp. of Mot. for Summ. J. 11.

On September 3, 2011, Plaintiff brought the instant action, alleging that Lt. Cox violated his Eighth and Fourteenth Amendment rights by interfering with a known serious chronic condition, forcing the Plaintiff to climb up three flights of stairs, assigning the Plaintiff to the top bunk of his cell, and "engaging in unprofessional decisionmaking."

## II. STANDARD OF REVIEW

"[T]he function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speedy and efficient summary disposition." Bland v. Norfolk & S. R. R. Co., 406 F.2d 863, 866 (4th Cir. 1969). In considering a summary judgment motion, the Court views the facts, and any inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *See* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Summary judgment is appropriate where the

movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists where reasonable jurors could find that the nonmoving party is entitled to a verdict in his favor. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 252 (1986). The moving party bears the initial burden of showing the lack of a genuine dispute as to the material facts in the case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once a motion for summary judgment is properly made and supported, however, that burden shifts to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find in favor of the non-movant. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

### III. DISCUSSION

#### A. The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1995 requires prisoners challenging a condition of their confinement to exhaust all administrative remedies before resorting to the federal courts. 42 U.S.C. § 1997e(a) (2006). *See also* Booth v. Churner, 532 U.S. 731, 739 (2001) (prisoner must exhaust administrative remedies even where relief sought is unavailable through administrative remedy process). Exhaustion requires prisoners to "complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. 81, 88 (2006). This "requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). A prisoner-plaintiff need not plead exhaustion of remedies in his initial complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Rather, failure to exhaust constitutes an affirmative defense that the defendant must plead and

prove. *Id.*; Anderson v. XYZ Corr. Health Svcs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). However, exhaustion remains a threshold issue that, like other threshold issues, may be decided by the Court and need not be submitted to a jury. Dillon v. Rogers, 596 F.3d 260, 272 (5th Cir. 2010).

Here, Plaintiff Hall alleges that Defendant Cox, while knowing of Hall's chronic podiatric conditions, forced him to move up three flights of stairs to another pod and assigned him to the top bunk, in violation of his Eighth and Fourteenth Amendment rights. Cox moves for summary judgment, claiming that he is entitled to Judgment as a Matter of Law because Hall did not exhaust his administrative remedies.

### B. The Administrative Remedy Process at KMCC

The administrative remedy process for prisoner complaints at KMCC is governed by Virginia Department of Corrections ("VDOC") Operating Procedure 866.1 ("OP 866.1").[1] Inmates at KMCC, and other VDOC institutions, are required to first make a good faith effort to informally resolve their grievances before moving on to the formal grievance process. OP 866.1 at ¶V.A. Under this procedure, an inmate is required to first file an informal complaint with prison authorities and await a response. Aff. of Jennifer Messer ¶ 5, attached as Encl. A to Def.'s Mem. in Supp. of Mot. for Summ. J., ECF No. 43-1 ("Messer Aff."). Prison staff is required to respond to an inmate's informal grievance within 15 days of receipt. *Id.* ¶ 7. If the inmate is unhappy with the informal resolution, he may initiate a formal "regular grievance" procedure. OP 866.1 at ¶ VI.A. If an inmate is dissatisfied with the decision made by prison authorities as

---

[1] Certain types of complaints do not come under the aegis of OP 866.1: those having to do with the actions of the Virginia Parole Board, disciplinary hearings, court decisions, and other matters beyond the scope or control of the Department of Corrections. It appears undisputed that the Plaintiff's complaint against Cox falls within the regulation and is a grievable offense. *See generally* OP 866.1 at ¶ IV.L(1).

4

to his regular grievance, he may appeal the determination to the next level of review.[2] *See Id.* at ¶ VI.C.

### C. Exhaustion of Administrative Remedies

On August 5, 2010, Hall filed an informal complaint outlining his grievances against Lt. Cox. *See* Messer Aff. ¶ 5; Inf. Compl., Aug. 5, 2010, attached to Def.'s Mem. in Supp. of Mot. for Summ. Judgment, ECF No. 43-2.[3] The informal complaint largely tracks the allegations against Lt. Cox in the Complaint filed in this Court. Cox, however, claims that the informal stage is as far as it went; he argues that Plaintiff never initiated the regular grievance process and thus did not exhaust the administrative remedies available to him. In support of this contention, Cox provides the affidavit of Jennifer Messer, the grievance coordinator at KMCC, as well as a copy of OP 866.1, a copy of Plaintiff's informal complaint, examples of forms required to be filled out by inmates, and examples of response forms by prison authorities. Upon reviewing the record, the Court finds that Cox has made a *prima facie* showing that there is no dispute of material fact as to Hall's exhaustion of remedies as to this claim. The burden thus shifts to the Plaintiff.

In response, Plaintiff claims that he exhausted all administrative remedies in accordance with VDOC policy and points to the myriad exhibits he submitted with his original Complaint and Verified Statement. *See* Pl.'s Reply in Opp. to Def.'s Mot. to Dismiss, ECF No. 46, at 4.[4]

---

[2] While there is a third level of review for some grievances, for most issues, Level II is the level of last review. Messer Aff. ¶ 8.
[3] Plaintiff also filed an "Informal Request" relating to Lt. Cox's conduct. Informal Req. Form, Aug. 5, 2010, attached to Pl.'s V.S., ECF No. 2, at 24. A plain-text reading of OP 866.1 reveals that it does not address informal *requests*, only informal complaints. It appears that while an informal request form is used as a request for services, an informal complaint is to be used when an inmate feels he has been wronged. An informal request may or may not be part of the administrative remedy process—but in any case, neither an informal grievance nor an informal complaint, standing alone, is sufficient to exhaust Plaintiff's remedies under VDOC policy.
[4] Although the Plaintiff's response is titled a "Reply in Opposition to Defendant Motion to Dismiss, Under Fed. R. Civ. 56," it was filed in response to Lt. Cox's Motion for Summary Judgment and addresses issues raised in that

5

The Plaintiff's response to Lt. Cox's instant motion is sworn to under penalty of perjury, and as such the Court will construe it as an affidavit for summary judgment purposes. Affidavits or declarations filed in support of or in opposition to a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, "summary judgment affidavits cannot be conclusory or based upon hearsay." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) (citations omitted).

It is undisputed that Plaintiff filed an informal grievance with the prison complaining of Lt. Cox's actions. However, the filing of an informal grievance is insufficient to exhaust Plaintiff's remedies. See Lee v. Clarke, No. 3:11CV135, 2011 WL 3840979, at *4 (E.D. Va. Aug. 29, 2011) (noting that "courts consistently have rejected arguments that an inmate has satisfied § 1997e(a) by raising his claims informally when prison regulations designate the established grievance procedure as the proper method for exhausting claims" (citations omitted)). Here, the proper procedure would have been for the Plaintiff to appeal the response to his informal grievance by filing a regular grievance. See generally OP 866.1 at ¶ VI. The parties are at odds over whether Hall exhausted his administrative remedies. But the nonmoving party cannot "create a genuine issue of material fact through mere speculation . . . ." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008) (internal quotation marks omitted). Moreover, the Court is not required to treat the nonmoving party's legal conclusions as true; just his factual allegations. See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217–18 (4th Cir. 1993) ("This court will construe factual allegations in the nonmoving party's favor and will treat them as true, but is not so bound with respect to the complaint's legal conclusions"). "When

---

motion. Accordingly, the Court construes Plaintiff's filing as a Response to Defendant Cox's Motion for Summary Judgment.

opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). The record before the Court certainly indicates that Hall has availed himself of the regular grievance process for *some* of his claims. *See, e.g.*, Pl.'s V.S. at 4 (appeal of Level I response as to claim that medical officials refused to provide treatment); *Id.* at 12 (regular grievance request of June 3, 2010 for orthopedic footwear, treatment by orthopedic specialist); *Id.* at 28 (regular grievance request of June 13, 2010 for orthopedic footwear, treatment by orthopedic specialist, assignment to bottom bunk, and medication).[6] But beyond Hall's bald statement that he has exhausted all administrative remedies, the record is devoid of any evidence that he has exhausted his administrative remedies *as to his claims against Lt. Cox.* See Smith v. Rodriguez, No. 7:06-cv-00521, 2007 WL 1768705 at *3 (W.D. Va. Jun. 15, 2007) (citing McGee v. Fed. Bureau of Prisons, 118 Fed. App'x. 471, 476 (10th Cir. 2004)) (proper exhaustion requires grievances to contain sufficient detail as to alert prison officials of constitutional claims now alleged as basis for relief)).

Even the Plaintiff's general denial does not specify that he ever initiated the regular grievance process, let alone exhausted it, as to his claim against Lt. Cox. It just notes that he followed the "informal process procedure." Pl.'s Reply in Opp. to Mot. to Dismiss at 4.[7]

---

[6] It is true that "an administrative remedy is not considered to have been available if the prisoner, through no fault of his own, was prevented from availing himself of [the remedy]." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). If Hall was somehow prevented from initiating the regular grievance procedure through no fault of his own, he may be deemed to have exhausted all the remedies that were actually available to him. However, Hall does not make that argument here and indeed, would have a difficult time doing so--the mere fact that Hall availed himself of the regular grievance process in other instances indicates that he was aware of the institutional rules and policies on administrative remedies.

[7] On the first page of Plaintiff's Verified Statement, a preprinted form which is sworn to under penalty of perjury, the Plaintiff selected the option that reads:

Plaintiff's simple denial of Defendant's claim is not enough to bring the exhaustion issue into the ambit of a genuine dispute of material fact.[8] The Plaintiff is unable to marshal any other evidence in support of his conclusion that he has exhausted his administrative remedies. Thus, the Court finds that Plaintiff Hall did not exhaust his administrative remedies as to his claim against Lt. Cox. Since the Plaintiff is required to exhaust the administrative remedies available to him before filing a claim in federal court, Lt. Cox is entitled to judgment as a matter of law.

### D. Dismissal with Prejudice

While the Court's usual remedy for a failure to exhaust is a dismissal without prejudice, dismissal with prejudice is appropriate "where exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust." Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2004). Under VDOC Policy, Hall was required to initiate the regular grievance process within 30 days of the incident in question. OP 866.1 at ¶ VI.A. Here, the alleged incident occurred on August 4, 2010. A response to Hall's informal complaint was issued on August 14, 2010. Thus, the Court finds he was awarded ample opportunity to initiate the regular grievance process but failed to do so. The time for initiating the process has long since expired. Additionally, the Court finds no special circumstances in this situation that would have justified the Plaintiff's failure to exhaust his administrative remedies. Therefore, in the interests of justice, the Court finds that dismissal with prejudice is the appropriate outcome in this case.

---

> I have exhausted my administrative remedies as to each of the claims raised in my complaint by appealing my claims to the highest available level of the administrative remedies procedures. *Copies of the record of the proceedings are attached to this statement.*

Pl.'s V.S. at 1 (emphasis in original). This is also nothing more than a conclusory statement that the Plaintiff has exhausted his administrative remedies. Thus, the Court declines to consider it for the purposes of deciding this motion.

[8] The Court, of course, construes the Platiniff's *pro se* responses liberally. See Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978) (liberal construction "is particularly appropriate where, as here, there is a Pro se complaint raising civil rights issues").

## IV.  CONCLUSION

For the aforementioned reasons, Lt. Cox's Motion for Summary Judgment (ECF No. 42) is **GRANTED**.  The claim against Lt. Cox is **DISMISSED WITH PREJUDICE.**  An appropriate order shall this day issue.

ENTER: this __5th__ day of December, 2011.

_____
Senior United States District Judge